## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JAMES RAY, et al.,

                       Plaintiffs,            :          Case No. 3:16-cv-364

                                               District Judge Walter Herbert Rice

       -   vs   -                       Magistrate Judge Michael R. Merz

CALIBER HOME LOANS, INC.,
 Et al.

                     Defendants.           :

---

## REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS
## OF DEFENDANT CALIBER HOME LOANS, INC.

---

        This case is before the Court on Motion to Dismiss of Defendant Caliber Homes, Inc. ("Caliber")(ECF No. 9). That Motion was filed and served September 6, 2016. The Court *sua sponte* issued an order to Plaintiffs, who are proceeding pro se in this case, that they were required to respond to the Motion not later than September 30, 2016 (Order to Pro Se Plaintiffs, ECF No. 15). No response has been filed and the Motion is therefore ripe for decision.

        A motion to dismiss involuntarily is classified as a dispositive motion under 28 U.S.C. § 636(b), requiring a recommended disposition from an assigned Magistrate Judge.

        The Motion to Dismiss is made under Fed. R. Civ. P. 12(b)(6) with Defendant Caliber asserting that the Complaint herein does not state a claim against it upon which relief can be granted.

1

"The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case."  Wright & Miller, FEDERAL PRACTICE AND PROCEDURE:  Civil 2d §1356 at 294 (1990); *see also Gex v. Toys "R" Us*, 2007 U.S. Dist. LEXIS 73495, *3-5 (S.D. Ohio, Oct. 2, 2007); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Stated differently, a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is designed to test the sufficiency of the complaint.  *Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level,  see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Hawaii

2

1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)]*, at 346, 125 S.Ct. 1627, 161 L. Ed. 2d 577; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F. Supp. 2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558 (*overruling Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and specifically disapproving of the proposition from *Conley* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545 (6th Cir. 2007). In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court made it clear that *Twombly* applies in all areas of federal law and not just in the antitrust context in which it was announced.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.")

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*], at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to

relief.'" *Id.,* at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).

Two working principles underlie our decision in *Twombly.* First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.,* at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678; *see also Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), *citing League of United Latin Am. Citizens. v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(stating allegations in a complaint "must do more than create speculative or suspicion of a legally cognizable cause of action; they must show entitlement to relief"); *see further Delay v. Rosenthal*

*Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Tam Travel, Inc. v. Delta Airlines, Inc.* (*In re Travel Agent Comm'n Antitrust Litig.*), 583 F.3d 896, 903 (6th Cir. 2009), *New Albany Tractor v. Louisville Tractor*, 650 F.3d 1046 (6th Cir. 2011) (holding a plaintiff is not entitled to discovery to obtain the necessary plausible facts to plead.)

Plaintiffs assert this Court has subject matter jurisdiction of their Complaint in part by virtue of the diverse citizenship of the parties  (Complaint, ECF No. 2, ¶¶ 1, 4, 5).  A federal court exercising supplemental or diversity subject matter jurisdiction over state law claims must apply state substantive law to those claims.  28 U.S.C. § 1652; *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427, n. 7 (1996); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), overruling *Swift v. Tyson*, 41 U.S. 1 (1841)(Story, J., holding that "the laws of the several states" in the Judiciary Act of 1789 means only the statutory law of the States).  In applying state law, the Sixth Circuit follows the law of the State as announced by that State's supreme court. *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008);  *Ray Industries, Inc. v. Liberty Mut. Ins. Co.*, 974 F.2d 754, 758 (6th Cir. 1992);  *Miles v. Kohli & Kaliher Assocs.*, 917 F.2d 235, 241 (6th Cir. 1990). "Where the state supreme court has not spoken, our task is to discern, from all available sources, how that court would respond if confronted with the issue."  *In re Akron-Cleveland Auto Rental,  Inc.*, 921 F.2d 659, 662 (6th Cir. 1990); *Bailey v. V & O Press Co.*, 770 F.2d 601, 604 (6th  Cir. 1985); *Angelotta v. American Broadcasting Corp.*, 820 F.2d 806 (1987).

In general, a court may not consider any facts outside the complaint and any attached exhibits on a motion to dismiss for failure to state a claim.  *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th  Cir. 2001); *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th  Cir. 2001) (citing 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed. 2000)).  A court may also

consider documents that are referenced in the complaint or that are central to a plaintiff's claims. *Travis v. ADT Sec. Services*, 884 F. Supp. 2d 629, 634 (E.D. Mich. 2012); *Farm Bureau Gen. Ins. Co. of Mich. v. Blue Cross Blue Shield of Mich.*, 2016 U.S. App. LEXIS 13453, *9 fn. 3 (6th Cir. 2016); *Greenberg v. Life Ins. Co.*, 177 F.3d 507, 514 (6th 1999).


**Count I:  Fraud**


Plaintiffs label Count I as a fraud claim against all Defendants.  Such a claim would arise under Ohio common law.  The elements of an action in actual fraud under Ohio law are (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St. 3d 54 (1987), *citing Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St. 3d 69 ¶2 of the syllabus (1986); and *Cohen v. Lamko, Inc*., 10 Ohio St. 3d 167 (1984).  While Ohio common law provides the elements of this tort, the Federal Rules of Civil Procedure govern how it must be pled.  Under Fed. R. Civ. P. 9(b), a fraud plaintiff must plead the time, place, and contents of misrepresentation.  *Bender v. Southland Corp.*, 749 F.2d 1205 (6th Cir. 1984).

A cursory examination of the Complaint reveals that it does not state a claim of fraud against Caliber.  See ECF No. 2, ¶¶ 24(d) and (e).  In particular the Magistrate Judge notes that

Plaintiffs fail to allege the content of any false communication from Caliber, the circumstances of its making, and how they relied on it.

## Count II:  Violation of the Real Estate Settlement Procedures Act

In Count II, which is pleaded solely against Defendant Caliber, Plaintiffs allege Caliber violated the Real Estate Settlement Procedures Act ("RESPA") by not responding properly to a qualified written request for documents (Complaint, ECF No. 2, PageID 9, ¶¶ 27-33).   In particular, Plaintiffs allege Caliber failed

> to provide the original loan application, an allonge to evidence the transfer from Nationstar to Caliber, an allonge to the original note, proof of mortgage assignments from Nationstar to Caliber, a HUD-1 settlement statement, a 3-day right to rescission, a "Truth in Lending" disclosure, a "Good Faith Estimate," and an amortization schedule.

*Id.*  at ¶ 30.

Plaintiff did not attach a copy of its qualified written request or of Caliber's response to the Complaint, but Caliber has attached them to its Motion.  While there appears to be a dearth of published Sixth Circuit precedent on what the proper scope of such a request may be, Caliber has cited a number of District Court decisions from various parts of the country defining the scope of such requests as considerably narrower than Plaintiffs assert.  The Sixth Circuit authority cited, *Marais v. Chase Home Fin. LLC*, 736 F.3d 711 (6th Cir. 2013), quotes prior Sixth Circuit authority on the purpose of RESPA

The purposes underlying RESPA

are very similar to those of the Truth in Lending Act. Congress's intent was "to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country.

*Id.* at 719, *quoting Vega v. First Fed. Sav. & Loan Ass'n of Detroit*, 622 F.2d 918, 923 (6th Cir. 1980) (quoting 12 U.S.C. § 2601(a)).  In interpreting a statute a court should:

> 1. Decide what purpose ought to be attributed to the statute and to any subordinate provision of it which may be involved; and then
> 2. Interpret the words of the statute immediately in question so as to carry out the purpose as best it can, making sure, however, that it does not give the words either (a) a meaning they will not bear, or (b) a meaning which would violate any established policy of clear statement.

Hart and Sacks, THE LEGAL PROCESS (Eskridge & Frickey ed. 1994), p. 1169.  Plaintiffs provide no authority for interpreting RESPA anywhere near as broadly as they assert.

**Conclusion**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to Caliber, either for common law Ohio fraud or for violation of RESPA.  The Complaint should therefore be dismissed without prejudice for failure to state a claim upon which relief can be granted.

October 4, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

8

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).