# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES RAY, et al.,

                Plaintiffs,       :      Case No. 3:16-cv-364

                                          District Judge Walter Herbert Rice

   -  vs  -                       Magistrate Judge Michael R. Merz

CALIBER HOME LOANS, INC., et al.


                Defendants.      :

---

# REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS
# OF DEFENDANT NATIONSTAR MORTGAGE

---

This case is before the Court on Motion to Dismiss of Defendant Nationstar Mortgage, LLC ("Nationstar")(ECF No. 10). Plaintiffs oppose the Motion (Opposition, ECF No. 22), and Nationstar has filed a Reply in Support (ECF No. 26), so the Motion is ripe for decision.

A motion to dismiss involuntarily is classified as a dispositive motion under 28 U.S.C. § 636(b), requiring a recommended disposition from an assigned Magistrate Judge.

The Motion to Dismiss is made under Fed. R. Civ. P. 12(b)(6) with Defendant Nationstar asserting that the Complaint herein does not state a claim against it upon which relief can be granted.

1

**Standard for Deciding a Motion to Dismiss**

"The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d §1356 at 294 (1990); *see also Gex v. Toys "R" Us*, 2007 U.S. Dist. LEXIS 73495, *3-5 (S.D. Ohio, Oct. 2, 2007); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), *citing Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Stated differently, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is designed to test the sufficiency of the complaint. *Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be

2

> exposed at the point of minimum expenditure of time and money by the
> parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting
> *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Hawaii
> 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336,
> 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)], at 346, 125 S.Ct. 1627, 161
> L. Ed. 2d 577; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc*., 289
> F. Supp. 2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation)
> ("[S]ome threshold of plausibility must be crossed at the outset before a
> patent antitrust case should be permitted to go into its inevitably costly
> and protracted discovery phase").

*Twombly*, 550 U.S. at 558 (*overruling Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and

specifically disapproving of the proposition from *Conley* that "a complaint should not be

dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief"); *see also Association of

Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545 (6th Cir. 2007). In *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court made it clear that *Twombly* applies in all

areas of federal law and not just in the antitrust context in which it was announced.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Twombly*, 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)(on a

motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual

allegation.")

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to "state a claim to relief that is
> plausible on its face." [*Twombly*], at 570, 127 S. Ct. 1955, 167 L. Ed.
> 2d 929. A claim has facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct.
> 1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a
> "probability requirement," but it asks for more than a sheer possibility

3

that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.,* at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678; *see also Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), *citing*

*League of United Latin Am. Citizens. v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(stating

allegations in a complaint "must do more than create speculative or suspicion of a legally cognizable cause of action; they must show entitlement to relief"); *see further Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Tam Travel, Inc. v. Delta Airlines, Inc.* (*In re Travel Agent Comm'n Antitrust Litig.*), 583 F.3d 896, 903 (6th Cir. 2009); *New Albany Tractor v. Louisville Tractor*, 650 F.3d 1046 (6th Cir. 2011) (holding a plaintiff is not entitled to discovery to obtain the necessary plausible facts to plead.)

Plaintiffs assert this Court has subject matter jurisdiction of their Complaint in part by virtue of the diverse citizenship of the parties (Complaint, ECF No. 2, ¶¶ 1, 4, 6). A federal court exercising supplemental or diversity subject matter jurisdiction over state law claims must apply state substantive law to those claims. 28 U.S.C. § 1652; *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427, n. 7 (1996); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), overruling *Swift v. Tyson*, 41 U.S. 1 (1841)(Story, J., holding that "the laws of the several states" in the Judiciary Act of 1789 means only the statutory law of the States). In applying state law, the Sixth Circuit follows the law of the State as announced by that State's supreme court. *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008); *Ray Industries, Inc. v. Liberty Mut. Ins. Co.*, 974 F.2d 754, 758 (6th Cir. 1992); *Miles v. Kohli & Kaliher Assocs.*, 917 F.2d 235, 241 (6th Cir. 1990). "Where the state supreme court has not spoken, our task is to discern, from all available sources, how that court would respond if confronted with the issue." *In re Akron-Cleveland Auto Rental, Inc.*, 921 F.2d 659, 662 (6th Cir. 1990); *Bailey v. V & O Press Co.*, 770 F.2d 601, 604 (6th Cir. 1985); *Angelotta v. American Broadcasting Corp.*, 820 F.2d 806 (1987).

In general, a court may not consider any facts outside the complaint and any attached exhibits on a motion to dismiss for failure to state a claim. *Amini v. Oberlin College*, 259 F.3d

493, 502 (6th Cir. 2001); *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001) (citing 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed. 2000)). However, a court may consider documents that are referenced in the complaint or that are central to a plaintiff's claims. *Travis v. ADT Sec. Services*, 884 F. Supp. 2d 629, 634 (E.D. Mich. 2012); *Farm Bureau Gen. Ins. Co. of Mich. v. Blue Cross Blue Shield of Mich.*, 2016 U.S. App. LEXIS 13453, *9 fn. 3 (6th Cir. 2016); *Greenberg v. Life Ins. Co.*, 177 F.3d 507, 514 (6th 1999).

Nationstar is sued in Counts I, III, and IV of the Complaint. Those claims will be considered *seriatim*.

**Count I: Fraud**

Plaintiffs label Count I as a fraud claim against all Defendants. Such a claim would arise under Ohio common law. The elements of an action in actual fraud under Ohio law are (a) a representation or, where there is a duty to disclose, concealment, of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St. 3d 54 (1987), *citing Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St. 3d 69, ¶ 2 of the syllabus (1986); and *Cohen v. Lamko, Inc.*, 10 Ohio St. 3d 167 (1984).

**Res Judicata**

Nationstar seeks dismissal of Count I on the basis that it was a compulsory counterclaim in the state court foreclosure case (ECF No. 10, PageID 78). It attaches to its Motion a copy of the Complaint in foreclosure in Clark County Common Pleas Case No. 15-cv-0132 (the "Foreclosure Case"), related to the parcel of property commonly known as 41 South Pleasant Street, Enon, Ohio (referred to by Plaintiffs and hereinafter as the "Subject Property") (ECF No. 10-1, PageID 97-110). Also attached are (1) a copy of the assignment of the mortgage on the Subject Property from Mortgage Electronic Registration Systems, Inc., to Nationstar; (2) a two-page letter from Plaintiffs filed in the Foreclosure Case; and (3) the Final Judgment Entry for Foreclosure in the Foreclosure Case, filed August 31, 2015. *Id.* at PageID 111-12, 113-14, 115-19. These are proper for consideration on the instant Motion, both because they are central to Plaintiffs' claims and they are proper matter for judicial notice as public records of the Clark County Court of Common Pleas.

Nationstar's theory is that the fraud claim was a compulsory counterclaim in the Foreclosure Case but was not raised there and is accordingly barred by res judicata. An affirmative defense such as res judicata may properly be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Pierce v. County of Oakland*, 652 F.2d 671 (6th Cir. 1981); *Lundblad v. Celeste*, 874 F.2d 1097 (6th Cir. 1989).

Federal courts in subsequent litigation are obliged to give prior state court judgments the same effect those judgments would be given in the courts of the rendering State. 28 U.S.C. §1738; *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373 (1985); *Migra v. Warren City School District Board of Edn.*, 465 U.S. 75 (1984); *Kremer v. Chemical Constr.*

*Corp.*, 456 U.S. 461 (1982); *Trafalgar Corp. v. Miami County*, 519 F.3d 285 (6th Cir. 2008), *citing Hamilton's Bogarts, Inc. v. State of Michigan*, 501 F.3d 644, 650 (6th Cir. 2007); *Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987); *McNasby v. Crown Cork and Seal Co., Inc.*, 888 F.2d 270 (3rd Cir. 1989).

Under Ohio law:

> A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.

*Grava v. Parkman Twp*., 73 Ohio St. 3d 379 (1995), syllabus. (Paragraph two of the syllabus of *Norwood v. MacDonald*, 142 Ohio St. 299 (1943), overruled; paragraph two of the syllabus of *Whitehead v. Gen. Tel. Co*., 20 Ohio St. 2d 108 (1969), overruled to the extent inconsistent herewith; paragraph one of the syllabus of *Norwood*, *supra*, and paragraph one of the syllabus of *Whitehead*, *supra*, modified; 1 Restatement of the Law 2d, Judgments (1982), §§ 24-25, approved and adopted.)

This Court has recognized that the relevant Ohio claim preclusion doctrine is set forth in *Grava* , 73 Ohio St. 3d 379:

> In Ohio, a party seeking to invoke the doctrine of *res judicata* must prove four elements: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Ater v. Follrod*, 238 F. Supp. 2d 928, 937 (S.D. Ohio 2002)(Holschuh, J.), *quoting In re Fordu*, 201 F.3d 693, 703-04 (6th Cir. 1999)(construing Ohio law).

There is no doubt that the facts on which Plaintiffs rely for their fraud claim arise out of the same transaction as the Foreclosure Case. In their Statement of Facts in their Opposition, Plaintiffs rely on acts of Nationstar after it began servicing the loan and which, according to Plaintiffs, played a significant part in bringing about the foreclosure  (ECF No. 22, PageID 155-56).

Ohio R. Civ. P. 13(a) provides "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against the opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." The fraud claim made by Plaintiffs was indeed a compulsory counterclaim in the Foreclosure Case and is barred by res judicata because it was not brought there.  *Jarvis v. Wells Fargo Bank*, 2010-Ohio-3283, 2010 Ohio App. LEXIS 2788 (7th Dist. June 30, 2010).

Plaintiffs rely on *Montana v. United States*, 440 U.S. 147 (1979), for the proposition that there must be identity of causes of action before res judicata will apply, but that is the test only when considering the preclusive effect of a prior federal judgment in a subsequent federal case. When a federal court is considering the preclusive effect of a state court judgment in subsequent federal litigation, it must apply the state law of res judicata per 28 U.S.C. § 1738.

Plaintiffs also argue they "were not aware of the complete extent of facts supporting their fraud claim at the time of the original state action."  (Opposition, ECF No. 22, PageID 158.)  But awareness of all the facts necessary to support a claim at the time for filing a compulsory counterclaim is not the appropriate test.  The Ohio Rules of Civil Procedure, like the cognate Federal Rules, assume the parties to litigation will discover significant amounts of evidence supporting (or negating) their claims.  To put it another way, the doctrine of res judicata would

be meaningless if its operation could be barred by showing the party who did not file the counterclaim now had more facts than at the time the counterclaim was due to be filed.

The Magistrate Judge concludes Count I is barred by res judicata.

### *Rooker-Feldman*

Nationstar also seeks dismissal of the fraud claim under the *Rooker-Feldman* Doctrine (Motion, ECF No. 10, PageID 85). Plaintiffs respond that *Rooker-Feldman* does not apply to Plaintiffs' claims (Opposition, ECF No. 22, PageID 158).

In their Complaint, in addition to seeking compensatory and punitive damages, Plaintiffs ask this Court "to issue a temporary restraining order, a preliminary injunction, and/or a permanent injunction enjoining Defendants and their agents from engaging in any foreclosure activity with respect to Subject Property." (Complaint, ECF No. 2, PageID 11.)

When a claim asserted in a federal proceeding is inextricably intertwined with a judgment entered in a state court, the district courts are without subject matter jurisdiction to consider the matter; it must be brought into the federal system by petition for writ of certiorari to the United States Supreme Court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002); *In re Sun Valley Foods Co.*, 801 F.2d 186 (6th Cir. 1986); *Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985).

The *Rooker-Feldman* doctrine bars relitigation of claims actually raised in state-court proceedings as well as claims that are inextricably intertwined with claims asserted in those proceedings. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998). In practice this means that

when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction. *Pieper v. American Arbitration Assn., Inc*., 336 F.3d 458 (6th Cir. 2003)(Moore, J.), *quoting Catz, supra*: "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment."

Plaintiffs rely on *Exxon Mobil v. Saudi Basic Industries, Corp.*, 544 U.S. 280 (2005)(See Opposition, ECF No. 22, PageID 158). In *Exxon Mobil*, a unanimous Supreme Court decided that *Rooker-Feldman* should not be expanded to a case where there was parallel state and federal litigation, but the state court reached judgment first. Rather, ordinary preclusion doctrine under 28 U.S.C. §1738 would control. The Sixth Circuit explains in *McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006), that for *Rooker-Feldman* to apply, in light of *Exxon Mobil*, the harm to plaintiff must flow from the state court judgment, not from actions of others in obtaining that judgment. *Todd v. Weltman, Weinberg, & Reis Co., L.P.A.*, 434 F.3d 432 (6th Cir. 2006)(*Rooker-Feldman* does not apply where harm flows not from the state court judgment, but from filing a false affidavit in the state court proceeding.) For example, it does not preclude a claim that the state court judgment was procured by fraud. *Brown v. First Nationwide Mortg. Corp.*, 2006 U.S. App. LEXIS 28077 (6th Cir. 2006). The pertinent inquiry after *Exxon Mobil* is whether the state court judgment is the source of the injury. *Kovacic v. Cuoyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 309 (6th Cir. 2010).

To the extent Plaintiffs seek injunctive relief from this Court to block execution of the judgment in foreclosure, a straightforward application of *Rooker* forbids us to grant that relief.

**Count III:  Violation of Ohio Revised Code § 1923.05**

In Count III, Plaintiffs allege Nationstar violated Ohio Revised Code § 1923.05 on or about July 2014 by locking them out of the Subject Property (Complaint, ECF No. 2, PageID 10, ¶¶ 34-37).  Nationstar seeks dismissal of Count III on the grounds that Ohio Revised Code § 1923.05 does not create a cause of action (Motion, ECF No. 10, PageID 86-88).  Plaintiffs make no response.

Chapter 1923 of the Ohio Revised Code codifies the common law action for forcible entry and detainer.  Ohio Revised Code § 1923.05 provides that a summons in forcible entry shall not issue until a complaint is filed.  It is questionable how much of that statute survives adoption in 1970 of the Ohio Rules of Civil Procedure; some portions of it, such as copying the complaint into the "record," are plainly archaic and have not been a part of municipal court practice for more than thirty years.  Be that as it may, Ohio Revised Code § 1923.05 does not, expressly or by implication, create a cause of action.

**Count IV:  Violation of Ohio Revised Code § 2329**

In Count IV of the Complaint, Plaintiffs allege that "Ohio Revised Code § 2329 outlines the proper procedure for execution against property according to Ohio law." (ECF No. 2, PageID 10, ¶ 39.)  They continue by alleging that Nationstar locked them out of the Subject Property without following those procedures.

12

Chapter 2329[1] of the Ohio Revised Code consists of ninety-seven sections, some of which have been repealed.  Because there are so many separate sections, Nationstar asserts Plaintiffs have not given it fair notice of what part of the Chapter it is alleged to have violated.  Plaintiffs respond they are "essentially claiming that Nationstar violated all of the statutes found within § [sic] 2329."  (Opposition, ECF No. 22, PageID 159.)  Plaintiffs assert that "[i]f the Complaint is viewed in the light most favorable to Plaintiffs as *Ashcroft* requires the Court should find that Plaintiffs' Complaint properly refers to actionable statutes within the Revised Codes." *Id.*

*Iqbal*[2] does not impose on the Court an obligation to read a complaint in the light most favorable to a plaintiff.  The allegations of a complaint drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. *Williams v. CSX Transportation Co., Inc.*, 643 F.3d 502, 510 (6th Cir. 2011), *citing Federal Exp. Corp. v. Holowecki*, 552 US. 389, 402 (2008); *see also*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *McNeil v. United States*, 508 U.S. 106, 113 (1993).

The Complaint in this case presents a problem which is the obverse of that usually presented in *Iqbal/Twombly* defenses.  Plaintiffs will often plead claims for relief in completely conclusory ways, stating bare bones elements of a cause of action, e.g., "defendant's actions violated Section 1 of the Sherman Act."  *Iqbal* and *Twombly* require a plaintiff to make a plain and simple statement of facts and that the Plaintiffs have done:  they say that on a date certain

---

[1] In the Ohio Revised Code, "chapters" collect statutes, designated by section numbers, which are generally relevant to the same subjects.  This is the gist of Nationstar's point that "Chapter 2329 is not a part of the Revised Code." (Motion, ECF No. 10, PageID 88.)

[2] Because Attorney General Ashcroft was so often a party to litigation, it is customary to refer to this case as "*Iqbal*, rather than "*Ashcroft*."

Nationstar locked them out of the Subject Property.  But then they have claimed in completely conclusory fashion that this act violated every section of Chapter 2329 of the Revised Code.

It is possible that Plaintiffs can plead a claim for relief based on the lock out, but Nationstar and the Court are entitled to some specification of why and how that was a wrongful act.  As it stands, Count IV does not state a claim upon which relief can be granted.  If Plaintiffs move to amend to restate this claim, they must also show why it is not barred by res judicata.

**Other Allegations**

Plaintiffs' Complaint  contains allegations in support of a claim for punitive damages and requests for temporary and permanent injunctive relief.  As they stand, these are not pled as separate claims for relief and the Court need not rule on them in the present context.  Nationstar correctly notes that any request for temporary injunctive relief must be embodied in a separate motion under Fed. R. Civ. P. 65.

**Amendment**

Plaintiffs conclude their Opposition by claiming entitlement to move to amend.  Under Fed. R. Civ. P. 15, the Plaintiffs need leave of court to amend at this point in the proceedings. Such leave is to be "freely given" if the proposed amended complaint cures the deficiencies identified in the original complaint.  The practice in this Court is to tender the proposed amended complaint with the motion for leave to amend.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Count I be dismissed with prejudice as barred by res judicata and Counts III and IV dismissed without prejudice for failure to state a claim on which relief can be granted.

November 1, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).