# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES RAY, et al.,

               Plaintiffs,   :   Case No. 3:16-cv-364

                                   District Judge Walter Herbert Rice
- vs -                                   Magistrate Judge Michael R. Merz

CALIBER HOME LOANS, INC., et al.,

               Defendants.   :

## REPORT AND RECOMMENDATIONS ON MOTION TO ENFORCE SETTLEMENT

This case is before the Court on Defendant Assurant's Motion to Enforce Settlement (ECF No. 39).[1] Assurant filed and served that Motion on December 16, 2016. The Court then advised Plaintiffs of their opportunity to oppose the Motion and that the deadline for filing an opposition was January 9, 2017 (Order to Pro Se Plaintiffs, ECF No. 40). Plaintiffs have failed to file any opposition. Since granting the Motion will result in a judgment, the Motion requires analysis, rather than a reflexive grant for lack of opposition. S. D. Ohio Civ. R. 7.2(a)(2). Because the Motion seeks entry of judgment, the Magistrate Judge treats it as a dispositive motion on which he is required to enter a recommendation, rather than a decision. See 28 U.S.C. § 636(b).

---

[1] This motion is consolidated with Assurant's Memorandum in Opposition to Plaintiff's Motion to Amend (ECF No. 34) which the Court has denied in a separate Order (ECF No. 41).

1

Plaintiffs sued Assurant along with Nationstar Mortgage LLC and Caliber Home Loans, Inc., regarding property at 41 North Pleasant Street in Enon, Ohio.  The claim made against Assurant was that, having been hired by Caliber to inspect damage at this property, Assurant failed to do so properly (Complaint, ECF No. 2, ¶ 15).  After answering the Complaint, Assurant shows through the Declaration of its attorney, Peter J. Georgiton, that it entered into settlement negotiations with Plaintiffs and offered to pay them $1,223.00 to settle their claims, contingent on making the settlement check jointly payable to Plaintiffs and Caliber Homes, release of all claims, and dismissal of Assurant with prejudice.  On October 21, 2016, Plaintiff Patricia Ray accepted that offer on behalf of Plaintiffs.  Defendants' counsel sent a settlement agreement and followed up several times, but has received no further response from Plaintiffs.

Federal courts have authority to compel enforcement of an agreed settlement in summary fashion, whether or not written.  *Bowater North American Corp. v. Murray Machinery, Inc.*, 773 F.2d 71 (6th Cir. 1985);  *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368 (6th Cir. 1976).  If there is a factual dispute about the content of the settlement, an evidentiary hearing must be held to determine what those terms are.  *Kukla v. National Distillers Products Co.*, 483 F.2d 619 (6th Cir. 1973). But here the Plaintiffs have not responded in any way to raise a question of fact about whether they agreed to a settlement.

> A settlement agreement is a type of contract and is therefore governed by contract law. *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992). "Questions of contract interpretation are generally considered questions of law subject to *de novo* review." *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996). "[W]e review the district court's decision to grant a motion to enforce the settlement . . . for abuse of discretion," after reviewing "for clear error the district court's factual determination that the parties had agreed to settlement terms." *Re/Max Int'l, Inc. v. Realty One, Inc.,* 271 F.3d 633, 645 (6th Cir. 2001).

*Neely v. Good Samaritan Hosp.*, 2009 U.S. App. LEXIS 17060 (6th Cir. Ohio 2009).

Upon Assurant's unopposed motion to enforce, it is hereby respectfully recommended that the Court enter judgment enforcing the settlement as follows:

(1) Directing Assurant to pay Plaintiffs, in the amount of $1223.00, in a check made jointly payable to Plaintiffs and Defendant Caliber Home Loans, Inc. The Order should also note that the payment may be made by Assurant's affiliate, Standard Guaranty.

(2) Dismissing Plaintiffs' claims against Assurant, Inc., in the above-captioned action with prejudice.

(3) Releasing Assurant, Inc., and Standard Guaranty from any claims Plaintiffs may have against them.

Because Plaintiffs' claim against Assurant is the sole remaining claim in the case, the Court should make its enforcement order part of a judgment that is final under Fed. R. Civ. P. 54.

January 10, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See*

*United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).